ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* RICKMAN.

Opinion delivered March 19, 1898.

1. MASTER AND SERVANT—FELLOW SERVANTS.—The foreman of a section gang is not a fellow servant with the men under his control, under Sand. & H. Dig., § 6248, providing that all persons engaged in the service of any railway corporation who are entrusted with the authority of superintendence, control or command of other persons in the employ of such corporation are not fellow servants with such employees. (Page 140.)

2. CONTRIBUTORY NEGLIGENCE.—A section hand who was injured while assisting to remove a hand car from the track in front of an approaching train, under directions of his foreman, was not guilty of contributory negligence in relying upon such directions, as he had a right to presume that the foreman, who was in a situation to devote his whole attention to the approaching train and the efforts of his men to get the hand car off the track, could determine better than he what was best to be done under the circumstances. (Page 141.)

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

*Dodge & Johnson,* for appellant.

A railway company is not an insurer of its servants against danger, and when a servant has undertaken a service, he is presumed to have assumed all risks necessarily incident thereto. He is held to the exercise of ordinary care in avoiding danger; and where the danger is one which was as apparent to him as to his section boss, the orders of his section boss do not excuse him for incurring such danger. He is guilty of contributory negligence, even if we grant the section boss to be a vice-principal. 31 S. W. 706; *ib.* 525; 2 N. E. 115; 37 N. W. 84; 72 Tex. 40; S. C. 11 S. W. 1041; 30 S. W. 95; 72 Tex. 159;

S. C. 12 S. W. 172; 23 S. W. 642; 59 Tex. 22; 66 Tex. 733–6; 46 Ark. 388; 59 Ark. 479; 56 Ark. 192; 58 *ib*. 178; 150 Mass. 423; 56 Ark. 237; 63 N. W. 568; 67 N. W. 1098. Before a witness can be impeached by proof of previous contradictory statements, a foundation must be laid by interrogating him particularly and minutely as to the making, time, place and circumstances of the alleged statements. 37 Ark. 328; 8 Ark. 572; 15 *ib*. 359; 16 *ib*. 569; 52 Ark. 308. Hearsay evidence was admitted, and this is error. 61 Ark. 55; 1 Greenl. Evid. § 99; 57 Ark. 519; 22 S. W. 213; *ib*. 213. The court erred in modifying the eighth instruction asked for by appellant. Negligence of the master cannot be predicated upon the simple fact that he ordered the servant to do the work; and the addition of a proviso that "the order must be made with care and prudence" destroyed all the force of the declaration of law. 31 S. W. 707. If, to obey an order of the master, the servant must subject himself to a risk obvious to himself, he is guilty of contributory negligence in undertaking to carry out such order. 56 Ark. 192; 58 Ark. 226; 2 Am. Neg. Cas. 578–580.

*Grant Greene, Jr., John T. Hicks* and *W. B. Smith*, for appellee.

If the law was correctly given to the jury, their verdict will be upheld, if there was any evidence to support it. 18 Ark. 497; 57 *ib*. 577; 51 *ib*. 330; 24 *ib*. 252; 34 *ib*. 632. Damages arising from the negligence of the master or vice-principal cannot justly be regarded as risks ordinarily incident to the employment, and, as such, assumed by the servant when he undertook the employment. 108 Mo. 332; 6 L. R. A. 587. The care required of plaintiff is to be judged from the standpoint furnished by the facts of the particular case and the emergency in which he acted. Hence, if the jury held that he was not guilty of contributory negligence, under the circumstances, such decision is conclusive. 154 Mass. 465; 108 Mo. 322; 46 Ark. 438; 17 L. R. A. 291. Where the master orders the servant to do a service, he will not be denied his remedy against the master on the ground of contributory negligence, unless the danger was so glaring that no prudent man would

have obeyed the order to undertake the service.   96 Mo. 212–13; 62 Mo. 232; 108 Mo. 332; 24 L. R. A. 719; 2 Thom. Neg. 975; 31 S. W. 706.   It is competent to show the bias and interest of a witness by proving his statements disclosing it.   56 Ark. 550; 52 *ib.* 274; 53 *ib.* 388.

BUNN, C. J.   This is a suit for personal damages by Rickman against the railroad company.   Damages laid at $20,000; judgment for $1,500; and defendant appealed.

Plaintiff was a section hand under the control of one McDougal, as foreman.   On the 28th January, 1895, some time about or just after nightfall, it being a cold, snowy and dark night, McDougal, with plaintiff and three other section hands and a citizen, after quitting work for the day, left Russell station on a hand car, to go to their station house at Bald Knob, a short distance south of Russell, on the railroad. While at Russell they could see the headlight of an engine at Bald Knob, and a train was due to pass up about that time.   It was suggested by one of the hands that they had better wait until the coming train should pass, but the foreman said, "No," that the engine, whose light was then in view was standing at Bald Knob on a side track.   And so, boarding the hand car, they started for Bald Knob.   It pretty soon became evident that the train from Bald Knob was approaching, and another of the hands suggested that they had better stop, and take off the hand car at the next crossing, which they were about then to arrive at.   The foreman said, "No, we will go to the next crossing, and then get off."   But, before they reached the next crossing, the coming train had approached so near that the foreman ordered them to slow up and get off, and take the hand car off, or words to that effect.   This was all done hurriedly.   The foreman stood a little way from the hand car, directing the hands to take it off quick.   One of them fell, and plaintiff took his place in the effort to lift the car off.   At this juncture the approaching engine struck the hand car, knocked it off, and broke the leg of plaintiff, who did not let go of the car in time to save himself, as the others did.

Under recent statutes (Sand. H. Dig., § 6248–9), a foreman of a section gang is not a fellow servant of the men be-

longing to the gang under him, for the reason that they are under his control and direction in the performance of their duties. There is no doubt in this case but that the foreman, in operating the hand car and controlling its movements, was acting in a very imprudent and hazardous manner, and was guilty, therefore, of negligence.

The plea that the plaintiff was guilty of contributory negligence—all the defense left—is not established by the evidence. What the defendant did was manifestly done in obedience to the order of the foreman to get the car off quick. Plaintiff has a right to presume that the foreman, who was in a situation to devote his whole attention to the approaching train and the efforts of his men to get the hand car off the track, could better determine than he what was best to be done under the circumstances. We do not think the danger was so apparently imminent but that he could reasonably rely upon the direction of the foreman. He did so, and was injured. He should not be charged with contributory negligence under the circumstances.

The negligence of the foreman, acting for the company, did not consist so much in what he did at the place of the accident as in running the hand car into a situation in which nice chances must necessarily have to be taken in order to extricate himself and the others from peril, and by which the injury occurred. See *Railway Company* v. *Harrell*, 58 Ark. 472, under side heading, "As to negligence of trainmen."

There does not appear to be any reversible error in the instructions, taken all together, nor in the admission of the testimony of one of the witnesses complained of.

The judgment is affirmed.