## A. L. CLARK LUMBER COMPANY v. NORTHCUTT.

### Opinion delivered May 30, 1910.

1. CONTINUANCE—TIME FOR PREPARATION.—As Kirby's Digest, § 6190, prescribes that a case shall stand for trial at the term following 10 days' service of summons upon defendant, that period is presumed to be sufficient time in which to prepare for trial. (Page 293.)

2. SAME—DISCRETION OF COURT.—Refusal of a continuance asked on account of the absence of a witness will not be ground for new trial where it does not appear that the absent witness knew any facts not known to the witnesses who testified in the case. (Page 294.)

3. MASTER AND SERVANT—ASSUMED RISK—MASTER'S NEGLIGENCE.—While, in entering the service of another, a servant assumes all the ordinary risks and hazards incident to the employment, he does not assume the risk of dangers that arise from the master's negligence unless he is aware of that negligence and appreciates the danger therefrom. (Page 294.)

4. SAME—RIGHT OF SERVANT TO RELY UPON MASTER'S CARE.—In the absence of knowledge on his part, a servant has a right to rely upon the assumption that the master has performed the duties devolving upon him so as not to expose him to extraordinary hazards. (Page 295.)

5.   SAME—DUTY OF SERVANT TO OBEY.—When a servant is directed by the master or a vice principal to do certain work or to perform service in a certain place, he is justified in obeying such order and does not assume the risk incident thereto unless he realizes the danger to which he is thereby exposed.   (Page 295.)

6.   SAME—OBVIOUSNESS OF DANGER.—Whether a particular danger is so obvious that a servant should take notice of it is ordinarily a question for the jury.   (Page 296.)

7.   INSTRUCTIONS—REPETITION.—It was not prejudicial error to refuse an instruction substantially covered by other instructions which were given.   (Page 296.)

8.   SAME—APPROPRIATENESS.—It was not error to refuse to give an instruction which was not correct under the circumstances of the case. (Page 297.)

Appeal from Pike Circuit Court; *James S. Steel,* Judge; affirmed.

*McRae & Tompkins* and *D. L. McRae,* for appellant.

Under the circumstances plaintiff can not be heard to say that he did not know the car was on the track wrong end in front.   79 Ark. 241; 41 Ark. 542; 48 Ark. 333; 58 Ark. 125; 78 Ark. 520.   Plaintiff is presumed to have been aware of the danger arising from the act of so placing the car on the track.   122 S. W. 118; 126 S. W. 375; 76 Ark. 69.   He assumed the risk of the danger incident to the riding of the car so placed on the track.   56 Ark. 237; 58 Ark. 125.   An instruction which singles out and gives undue prominence to certain facts is improper.   86 Ill. 62; 59 Ind. 105; 43 Md. 70; 81 Ill. 478; 33 Mich. 143; 57 Mo. 138; 45 Ark. 256.   Instructions should be hypothetical.   31 Ark. 699.

*W. P. Feazel,* for appellee.

There was no error in refusing to direct a verdict for defendant.   71 Ark. 445; 76 Ark. 522; 89 Ark. 534.   The question was one of fact, and was properly submitted to the jury.   77 Ark. 278; 87 Ark. 321; 90 Ark. 228; 89 Ark. 522.   The evidence does not show that appellee was guilty of contributory negligence.   90 Ark. 226; *Id.* 556; 89 Ark. 427; 87 Ark. 327; 122 S. W. 118.   He did not assume the risk of the danger to which he was subjected.   77 Ark. 378; 90 Ark. 228; 90 Ark. 567; 88 Ark. 548; 79 Ark. 56.   If one desires an instruction on any particular phase of the case, he should request a proper one.   87 Ark. 528; 89 Ark. 327.

FRAUENTHAL, J.  This was an action instituted by a servant to recover damages which he alleged he sustained by reason of the negligence of his employer.  The defendant below owned and operated a railroad in connection with its sawmill and lumber plant, and the plaintiff received the injuries complained of while in its employment as a section hand.  The injury occurred by reason of the derailment of a handcar upon which the plaintiff at the time was riding at the close of the day's work, and while the car was being taken to the tool house. At the time the section crew was preparing to quit the day's work the foreman who had authority over the crew directed the plaintiff to gather up the tools along the track.  While the plaintiff was absent gathering up the tools, the attention of the foreman was called to the fact that the handcar was upon the track with its rear end in front, which was a dangerous way in which to operate the car.  The foreman stated that, although it was dangerous to thus run the car, he thought it could be done safely for the distance they intended to go; and he, in effect, directed the crew to operate the car in that manner.  The testimony on the part of the plaintiff tended to prove that he did not know that the car was being operated in this dangerous manner; and when he returned he got on the car and with other members of the crew proceeded to propel it.  When the car got to the switch, it was derailed, and the plaintiff was severely injured thereby.  The testimony tended also to prove that the car was derailed by reason of the improper manner in which it was operated with its rear end in the front.

Upon the trial of the case a verdict was returned in favor of the plaintiff, and the defendant has appealed to this court.

It is urged that the court erred in refusing to grant a continuance of the case upon defendant's motion.  The summons in the case was served on September 10, and the case was tried on September 24 following.  The defendant asked that the cause be continued in order to allow time to secure the attendance of two witnesses: one of the section crew and the foreman. The testimony which it was claimed that the foreman would give was set out in the motion, and upon the trial this testimony was permitted to be read as evidence in the case.

It was claimed that the defendant had not been able to see the section hand because of the short time since the institution of the suit; and on this account his testimony could not be set out. But it appears that there were at least ten members of this crew, and that a number of them were introduced as witnesses by the defendant; and it does not appear that this section hand knew any facts other than those known by the other members of the crew. The statute prescribes that the case will stand for trial at the term following ten days' service of the summons upon the defendant (Kirby's Digest, § 6190), and it will therefore be presumed that this is sufficient time in which to prepare for trial. The injury occurred in June prior to the meeting of the court; and we do not think that any peculiar circumstances were shown, or any special reasons assigned, so that we can say that the lower court abused its discretion in refusing to continue the case. We have repeatedly held that questions as to continuance of causes rest so much in the sound discretion of the court that, to justify a reversal on the ground of a refusal to continue, it must appear that there has been a clear abuse of that discretion.

At the request of the plaintiff the court gave the following instruction to the jury:

"No. 2. You are instructed that a person engaged in the service of a railroad company, as a section hand, assumes all the risks ordinarily incident to the business for which he is employed, but he does not assume the risks of the negligence of the master himself, or any one [to] whom the master may see fit to intrust his superintending authority, unless it be further shown that the servant was not only aware of the negligence, but he also realized the danger to which he was thereby exposed."

It is urged that the court erred in giving the above instruction because the injury which plaintiff received was due to one of the ordinary hazards of his employment, and was therefore assumed by him.

It is true that when a servant enters into the service of another he assumes all the ordinary risks and hazards incident to the employment; but it is also well settled that he does not assume the risk of any negligence on the part of the master. It is the duty of the master to use reasonable care and dili-

gence in providing for the safety of the servant and in furnishing for his use a suitable and safe place for the purpose of doing the work. He is not an insurer of the servant's safety; and yet he must not expose him to risks or dangers which arise from the master's own negligence. The servant does not, when he enters the service of another or while he continues in that service, assume the risk of dangers that arise from the negligence of the master, unless he is aware of that negligence and appreciates the danger therefrom. And, in the absence of knowledge on his part, the servant has a right to rely upon the assumption that the master has performed the duties devolving upon him so as not to expose him to extraordinary hazards. *St. Louis, I. M. & S. Ry. Co.* v. *Tuohey,* 67 Ark. 209; *Choctaw, O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367; *Ozan Lumber Co.* v. *Bryan,* 90 Ark. 226; *St. Louis, I. M. & S. Ry. Co.* v. *Birch,* 89 Ark. 427; *St. Louis, I. M. & S. Ry. Co.* v. *Holman,* 90 Ark. 556; *St. Louis, I. M. & S. Ry. Co.* v. *Corman,* 92 Ark. 102; Labatt on Master & Servant, § 279.

Furthermore, the testimony tended to prove that the foreman in effect ordered the plaintiff and the other members of the crew to drive the handcar with the rear end in front, and knew the peril of a compliance with that order, and that the plaintiff had no knowledge that the car was being run in this improper manner. One of the duties of a servant is to obey the reasonable commands of the master or his representative. When he is directed by the master or one under whose control he is placed to do a certain piece of work or to perform a service in a certain place, he will be justified ordinarily in obeying the order without being chargeable with having assumed the risks incident to such work or service. He does not assume the risk incident to the act so ordered unless he knows the danger incurred thereby. In Labatt on Master & Servant, § 440, it is said: "The master and servant are not on the same footing. His primary duty is obedience, and if when in the discharge of that duty he is damaged through the neglect of the master, it is but meet that he should be recompensed." The servant has the right to assume that the master will not expose him to unnecessary danger, and will not cause him to take extraordinary risks by obeying orders of those in whose charge

he is placed, and he can not be said as a matter of law to be guilty of negligence in obeying such orders when he does not know the danger. Whether or not the danger is so obvious or patent that he should take notice of and know it is ordinarily a question for the determination of the jury. "The order having the tendency to throw him off his guard, the servant may properly be excused from the exercise of the same degree of care as would have been incumbent on him if the case did not involve this factor." 1 Labatt on Master & Servant, § 440b; *Southwestern Tel. Co.* v. *Woughter,* 56 Ark. 206; *Bloyd* v. *Railway Co.;* 58 Ark. 66; *St. Louis, I. M. & S. Ry. Co.* v. *Rickman,* 65 Ark. 138.

We are of opinion that the court did not err in giving the above instruction number 2 at the request of plaintiff; and we are further of the opinion that it can not be said as a matter of law that the plaintiff assumed the risk of the danger of riding on the car in the manner in which it was propelled, or that he was guilty of contributory negligence under the circumstances of this case. These, we think, were questions which were properly for the determination of the jury, and we think there was evidence to warrant the finding made by them.

The defendant requested the court to instruct the jury, substantially, that if the plaintiff and those working with him caused the injury by pumping or pulling so hard as to throw the front end of the car off the track, then he should not recover. The court refused to give such an instruction, and we do not think that any prejudicial error was committed by this ruling. In other instructions given by the court the jury were told, in effect, that if the injury did not occur by reason of the fact that the handcar was operated with its rear end in the front, then the plaintiff could not recover. In effect, the court instructed the jury that the sole issue as to the cause of the derailment was whether or not it occurred by reason of the car being propelled with its rear end in front; and if the derailment occurred from any other cause, the plaintiff was not entitled to recover. The instruction requested was, therefore, substantially covered by other instructions which were given. *St. Louis, I. M. & S. Ry. Co.* v. *Freeman,* 89 Ark. 326.

But, in addition to this, the instruction did not contain a proper qualification, in view of the testimony adduced by the plaintiff. The testimony on behalf of the plaintiff tended to prove that he did not know that the car was being operated with the rear end in front, and therefore did not appreciate the danger of pumping or pulling the car with great force. He could not therefore under such circumstances have been declared guilty of negligence as a matter of law by reason of pumping the car in such manner. Without a qualification presenting this view of the plaintiff's contention, the instruction was not a proper one under the circumstances of the case, and it was therefore not error to refuse it. *Horton* v. *Jackson,* 87 Ark. 528.

It is contended that certain instructions given at the request of plaintiff were erroneous because they singled out certain facts. We have carefully examined these instructions; and, while we believe that they are subject to some criticism, we do not think they are erroneous. The instructions were hypothetical in their statements, and did not interfere with the province of the jury in passing upon the testimony and determining its effect. The defendant does not claim that the amount of the verdict was excessive. Upon an examination of the whole case, we do not find that any prejudicial error was committed in the trial by the lower court.

The judgment is affirmed.