DICKINSON *v.* MOONEYHAM.

Opinion delivered May 20, 1918.

1. MASTER AND SERVANT—PERSONAL INJURY—QUESTION FOR JURY.—In an action by a section hand for personal injury when the section crew lost control of the motor car which ran against his foot, *held* under the evidence that the question whether the foreman was

negligent in selecting a difficult place for the motor car to be taken off and replaced and in ordering the men to handle the car under those circumstances was for the jury.

2. SAME—RELIANCE ON FOREMAN.—Even in a situation open and obvious, servants acting under the immediate orders of their foreman might rely upon his superior knowledge and judgment as to their ability to handle the car under the circumstances.

3. SAME—ASSUMED RISK—QUESTION FOR JURY.—Even though the conditions of the track and dump where the plaintiff with others was attempting to replace the motor car on the track were open and obvious it can not be said as matter of law that he assumed the risk, that being a question for the jury.

Appeal from Logan Circuit Court; *Jas, Cochran,* Judge; affirmed.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.

*Kincannon & Kincannon,* for appellee.

McCULLOCH, C. J. This is an action instituted by appellee to recover damages on account of personal injuries received while working as a section hand for the receiver of the Chicago, Rock Island & Pacific Railway Company. Appellee and five other members of the section crew were engaged, under the immediate orders of the foreman, in replacing on the railway track a motor car used to transport the section hands to and from their work, and while attempting to place the car on the track the men lost control of it momentarily and it ran against appellee's foot and inflicted painful and serious injuries. The bones of the foot were broken and he was incapacitated for a considerable length of time. The jury returned a verdict in appellee's favor for the recovery of a small amount of damages, and it is not contended that the award of damages is excessive, if appellee is entitled to recover at all.

The only question presented on this appeal is the legal sufficiency of the evidence. The motor car operated in carrying the men to and from their work was pro-

pelled by a small engine, and the car and equipment weighed 500 or 600 pounds. The men were accompanied by a foreman under whose directions they acted, and when they reached their work the car was taken off the track. On the day in question the men were taken to the work place under the direction of the foreman, and the car was removed as usual. At that particular place the track had been raised by placing the ties on top of rock ballast, which made a difficult place to remove the car and put it back on the track. A smooth, flat surface could have been found a short distance away where the car could have been more easily handled. At the noon hour the foreman instructed the men to place the car back on the track, and in carrying it up the uneven surface of the dump the men had to give "a quick and hard push" which, it is alleged, caused them to lose control of the car, and it ran against appellee's foot.

The allegation of the complaint is that the negligence consisted in the act of the foreman in selecting the difficult place for the removal and replacement of the car, so that the work of replacing it overtaxed the strength and ability of the men handling it and caused them to lose control of it.

The contention of counsel for appellants is that the situation was open and obvious to the section men as well as to the foreman, and that appellee's injury resulted from an accident which was one of the ordinary hazards of the service.

We are of the opinion that there was sufficient evidence to make out a case of negligence of the foreman in selecting a difficult place for the car to be taken off and replaced and in ordering the men to handle the car under those circumstances when a more suitable place was available in the immediate proximity. The evidence shows that the car was stopped and taken off the track under orders of the foreman at a place where the track had been freshly ballasted and raised about eighteen inches high, and that in getting the car back up to the track it was necessary for the men to carry it or roll it

over this uneven surface, and when they attempted to put it on the track it was necessary to do so with a quick and sudden push which caused them to lose control of the car. The evidence shows that a very short distance away there was a smooth and level piece of track where the car could have been taken off and replaced without overtaxing the strength of the men or incurring any risk of danger. It is true that the situation was open and obvious, but the men were acting under the immediate orders of the foreman, and had the right to rely upon his superior knowledge and judgment as to their ability to handle the car successfully under those circumstances. It can not be said that because the condition of the track and dump were open and obvious the men necessarily assumed the risk. That was purely a question for the jury. *Griffin* v. *St. L., I. M. & S. Ry. Co.*, 121 Ark. 433.

The question of negligence of the foreman in selecting the place was one for the jury, there being sufficient evidence to present an issue on that subject. The judgment must be affirmed.