MAMA COAL COMPANY v. DODSON.

Opinion delivered January 12, 1920.

1.  MASTER AND SERVANT—ASSUMED RISK.—A servant assumes the risk of dangers created by the negligent act of the master where he is aware of the negligence and appreciates the danger.

2.  MASTER AND SERVANT—ASSUMED RISK—PROMISE TO REPAIR.—Where a servant complains to the master of a dangerous condition and receives a promise that necessary repairs will be made, the obligation to bear the risk shifts to the master during the period of the promise unless the danger is so open and obvious that a person of ordinary prudence would not proceed in the face of it.

3.  MASTER AND SERVANT—ASSUMED RISK—APPREHENSION OF DANGER. —The mere apprehension of danger on the part of the servant does not create an assumption of risk as a matter of law where there is reliance on the express assurance of the master that the place is safe.

4.  TRIAL — INSTRUCTION — SPECIFIC OBJECTION.—In an action by a servant for personal injuries, where there was no question that the servant was aware of a dangerous condition, an instruction which included the idea of the duty of the master to warn the servant of dangers which he had reason to believe the servant was unaware, given in connection with the feature of the case which involved the effect of the master giving an assurance of safety, was an inaccuracy which should have been specifically called to to the attention of the court.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little,* Judge; affirmed. ·

*A. A. McDonald and Holland & Holland,* for appellant.

There are two questions only for this court to decide: (1) The question of assumed risk and (2) whether the verdict is clearly against the instructions of the court and in the face of the evidence.

The tramway was dangerous, and plaintiff knew it and assumed the risk. The court erred in giving the second instruction for plaintiff. 56 Ark. 206; 77 *Id.* 376; · 81 *Id.* 343-6; 96 *Id.* 391; 1 Roberts' Fed. Liability of Carriers, p. 992, par.559-560. For the same reasons the court erred in instructions 3, 4, 5 and 6 for plaintiff. The verdict is absolutely in the face of the law.

*W. L. Curtis,* for appellee.

1.   The facts were ample to take the case to the jury as to whether plaintiff assumed the risk or not; the instructions covered the respective theories of plaintiff and defendant and there were no errors. 56 Ark. 192; 26 Cyc. 1097, par. B, and pp. 1185, 1221, L. R. A. (N. S.) 453; 48 L. R. A. 542; 4 L. R. A. (N. S.) 990, par. 4; 18 R. C. L., par. 149, p. 655 and par. 150; *Ib.,* pp. 694-701, par. 185.

2.   The testimony is undisputed that the unsafe condition of the switch to the tipple had been called to the master's attention and he had repeatedly assured its safety and plaintiff did not comprehend or appreciate the dangers incident to its use. See authorities *supra.* There were no errors prejudicial to appellant.

McCULLOCH, C. J.   The plaintiff, Jennings Dodson, was employed in a coal mine being operated by the defendant, and while so employed received personal injuries, and this action was instituted by him to recover compensation for the injuries. He was engaged, when injured, in operating a car for the purpose of hauling loads of rock which had been dislodged and broken up in the process of mining coal. A car loaded with rock

weighed, usually, about five thousand pounds, and was operated along a track called a tipple track. The track was elevated in places a considerable distance above the surface of the slope and was supported by wooden props spiked together, which formed a frame for the car track to rest on. As plaintiff was operating a car along the track the supports gave way and the car fell, precipitating the plaintiff amongst the falling rock to the ground, a distance of twelve or fifteen feet, and he received painful and serious injuries which incapacitated him for work for a considerable length of time. The trial jury awarded damages in the sum of $400, and there is no question raised on this appeal about the assessment of damages being excessive.

Negligence of the defendant is alleged in allowing the car track to become insecure. There is a denial of the charge of negligence, and also a plea that the plaintiff was aware of the alleged defects in the track, and, therefore, assumed the risk of the danger.

The principal contention here is that the undisputed evidence shows that the plaintiff was fully aware of the danger and must be deemed to have assumed the risk. The plaintiff, and other witnesses introduced by him, testified that repeated complaints were made to McDonald, the boss, about the dangerous condition of the track, and that McDonald declined to make any repairs, but on the contrary directed the men to go ahead with the work, otherwise he would discharge them and employ others in their stead. Some of the witnesses testified that McDonald assured them that the track was in good condition and "would stand a thousand years." Plaintiff so testified himself.

The rule of law is well settled that a servant, even as to dangers created by a negligent act of the master, assumes the risk of such danger when he is aware of such act of negligence and appreciates the danger. There are, however, certain well defined exceptions to this general rule. One of the exceptions is that where

the servant makes complaint to the master and receives a promise that necessary repairs will be made to obviate the danger, the obligation to bear the risk shifts to the master and the servant is absolved from the assumption of risk during the period of promise unless the danger is so open and obvious that a person of ordinary prudence would not proceed in the face of it. Another exception is that, even though the master declines to remove the danger, if there is an express assurance on the part of the master to the servant that the place is safe, the servant may to some extent rely on that assurance of safety and does not necessarily assume the risk unless the danger is so open and obvious that a person of ordinary prudence would not proceed to work. *C. O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367. In other words, if the servant relies on the assurance of the master as to the safety of the working place, the mere fact that he is aware of the danger does not place on him the obligation of assuming the risk. It then becomes a question for the trial jury to determine whether or not there was was in fact an assumption of risk. The mere apprehension of danger on the part of the servant does not create an assumption of risk as a matter of law where there is reliance on an express assurance of the master that the place is safe. See note to *Brown* v. *Lennane,* 155 Mich. 686, 30 L. R. A. (N. S.) 453; *McKee* v. *Tourtellotte,* 167 Mass. 69, 48 L. R. A. 542; *Bush* v. *West Yellow Pine Co.,* 2 Ga. App. 295; *Burkard* v. *A. Leschen & Sons Rope Co.,* 217 Mo. 466.

In the case note cited above the result of the authorities is summed up in the statement that "the general effect both of a direct command and an assurance of safety is to modify the rule of assumption of risk and contributory negligence."

The evidence in the present case was, we think, sufficient to sustain the verdict in plaintiff's favor. The proof shows that he was, with other employees, apprehensive of the danger created by the apparently insecure condition of the track, but the danger was not so

obvious or glaring as to necessarily make him guilty of contributory negligence or to impose upon him the. assumption of risk by proceeding after he was assured by his superior that the working place was safe. The jury might have found that while the place was dangerous, and that the defendant was negligent in allowing it to become so, yet the danger was not so obvious that a prudent person would not have proceeded, especially where the master gave assurances of safety. This issue was submitted to the jury, and the verdict is conclusive.

Objection is made to an instruction which included the idea of the duty of the master to warn the servant of dangers of which he had reason to believe that the servant was unaware. This feature of the instruction had no appropriate place in the case, for the evidence shows that the plaintiff was aware of the danger, or, at least, was apprehensive of it, and needed no warning. There is a difference between the duty to warn and the effect of an assurance of safety, and this instruction concerning the duty to warn was given in connection with that feature of the case which involved the act of the master in giving the assurance of safety. The reference to the duty to warn was inaccurate, but this inaccuracy should have been called to the attention of the court by a specific instruction.

We are of the opinion, therefore, that no grounds for reversal of the judgment are shown.

Affirmed.