WESTERN COAL & MINING COMPANY v. BURNS.

Opinion delivered May 25, 1925.

1.  MASTER AND SERVANT—ASSUMED RISKS.—An employee assumes the ordinary risks incident to his employment, and such extraordinary risk as is obvious to an ordinarily observant person, or which are patent to one having experience in the business in which he is engaged.

2.  MASTER AND SERVANT—ASSUMED RISK—JURY QUESTION.—Whether an experienced miner assumed the risk of a coal car crushing his foot as the result of catching it between the rail of the track and a wall of rock built by himself by direction of the foreman *held* for the jury.

3.  MASTER AND SERVANT—SAFE PLACE TO WORK.—It is the master's duty to exercise ordinary care to provide a safe working place for his employees.

4.  APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict based upon substantial, though conflicting, evidence will be sustained on appeal.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran*, Judge; affirmed.

STATEMENT OF FACTS.

McKinley Burns instituted this action against the Western Coal & Mining Company to recover damages for personal injuries sustained by him while in the employment of the defendant.

McKinley Burns was the principal witness for himself. According to his testimony, he was twenty-seven years of age, and was employed by the defendant to dig coal for it in its mine at the time he was injured, in February, 1923. The plaintiff and Arch Hargrove were working in a double room thirty-six feet wide. It had been driven in seventy-five or one hundred feet from the entry. The room had a track on each side. The plaintiff worked on one side and used one of the tracks, and Hargrove worked on the other side of the room and used the track on that side. The tracks were about twenty or twenty-five feet apart. It is the duty of the miner, when he digs a car of coal, to push it out on the track to the entry. When rock falls from the roof or side of the mine, it is thrown to one side until it accumulates to such an extent that it is in the way of the miner in digging coal. Sometimes the coal digger cleans the rock up and sometimes the company does it. Ed Bobbitt was the foreman of the mine. After a quantity of rock had fallen in that part of the room in which the plaintiff worked, the foreman came in the room. A large rock had fallen next to the face of the coal where the plaintiff was working, and the latter told his foreman that he was going to load a car of rock and haul it out through the entry. The foreman told him not to do that, but to gob it. This meant that the rock should be piled up in the form of a wall, and, when this was done, it was called a gob wall. The plaintiff thought that the rock should be hauled out because his working place was too narrow for the rock to be piled up in a wall. The foreman told the plaintiff that it would cost the company too much to have the rock hauled out, and directed him to build a gob wall. The foreman and another employee turned the big rock

into position and started the gob wall with it.   The plaintiff then piled the other loose rock up, and finished the gob wall.  He built the wall as high as his head.  After the wall had been finished, he started to push a load of coal out, and had to make a pretty good hill.  After he had pushed the car up the hill a little bit, he got his foot wedged between the gob wall and the track.  He could not hold the car, so it rolled back on his foot and crushed it.  His foot was caught right at the place where the foreman started the gob wall with the big rock.  The plaintiff had never paid any particular attention as to how close the gob wall was to the track at this point, and supposed that the foreman knew what he was doing when he started the wall there.

It was also shown that there was a flange on the coal car which protruded three or four inches from the wheel beyond the rails.  A coal miner is controlled by what the mine foreman says about putting the rock away.  The gob wall was pretty close to the rails at the place where the plaintiff was injured.

The defendant introduced evidence tending to show that the gob wall was two feet from the rails at the point where the plaintiff claims that he was injured.  It also introduced evidence tending to show that the plaintiff knew and appreciated the danger of his work in pushing out the loaded car of coal, and that, under the facts proved, the plaintiff assumed all the risk of injury from getting his foot caught in the space between the rails and the gob wall.

The jury returned a verdict in favor of the plaintiff for the sum of $1,250, and, from the judgment rendered, the defendant has duly prosecuted an appeal to this court.

*Thomas B. Pryor* and *Vincent M. Miles,* for appellant.

*Dave Partain,* for appellee.

HART, J., (after stating the facts).   The sole ground relied upon for a reversal of the judgment is that the court should have directed a verdict for the defendant.

on the ground that the plaintiff knew the distance from the rails to the gob wall, and assumed the risk of injury from getting his foot caught in the space between the rails and the gob wall.

The general rule is that an employee assumes the ordinary risks incident to his employment and such extraordinary risk as is obvious to an ordinarily observant person, or which is patent to one having experience in the business in which he is engaged. *Mama Coal Co. v. Dodson,* 141 Ark. 438; *Moline Timber Co.* v. *McClure,* 166 Ark. 364, and *Western Coal & Mining Co.* v. *Nichols, ante,* p. 346.

Under the evidence adduced, it cannot be said as a matter of law that the plaintiff assumed the risk of getting his foot caught between the rails and the gob wall while he was pushing out the car of coal. It is true that he was a miner of experience and that he built the gob wall himself; but these facts do not conclusively show that the danger of getting hurt in the manner described by the plaintiff was appreciated by him when he built the gob wall, or that it was so obvious and patent to one of his experience that he will be deemed in law to have known and appreciated it. In the very nature of things the relation of master and servant makes the servant place reliance upon the judgment of the master or the foreman appointed by him to direct the servant about his work. It is the duty of the master to exercise ordinary care to provide a safe working place for his servants. In the case at bar, it became necessary to move the accumulated rock so that the miner could proceed with his work of digging the coal and loading it on the car. The plaintiff thought it advisable to load the rock on the car and haul it out of the mine. The foreman thought that this would cost too much, and directed the servant to pile the rock up and make what is called a gob wall. The foreman took the large rock and started the wall himself. He thereby indicated to the plaintiff that this was a safe distance from the track for the gob wall to be built. It became the duty of the plaintiff to build

the gob wall on the line shown him by his foreman. It is true that the plaintiff, in building the wall, must have noticed how far the gob wall was from the rails, but we do not think that it should be said as a matter of law that he must have anticipated that he might get hurt in the way the evidence showed he was injured.

It is insisted that, if he had kept his feet between the rails, he would not have got hurt. This may be true; but it was the duty of the plaintiff to push the car of coal through the entry, and, in doing this, he had to push the car up-grade at one place. It may be that the car was in danger of slipping back, and that he placed his foot between the rails and the gob wall in order to better brace himself. Be that as it may, he testified that, in pushing the car of coal up-hill, he placed his foot there, and that it got caught so that he could not extricate it, and that the car of coal finally rolled back and crushed his foot.

It is also true that the evidence for the defendant shows that the gob wall at this place was two feet from the rails, but this evidence is contradicted by the testimony of the plaintiff and of his witnesses. The distance of the gob wall from the track was a question of fact, and the jury was the judge of the credibility of the witnesses, and, by its verdict, evidently believed the plaintiff and his witnesses.

The testimony of the witnesses for the plaintiff as to the distance between the rails and the gob wall, and as to the fact that the plaintiff caught his foot in that space, was as to matters of which the witnesses had personal knowledge. Their evidence was necessarily of a substantial character, and, having been accepted as true by the jury trying the case, we are not at liberty to reverse or set it aside upon appeal.

It follows that the judgment of the circuit court must be affirmed.