COVINGTON *v.* LITTLE FAY OIL COMPANY.

Opinion delivered February 4, 1929.

*J. B. Milham,* for appellant.

*T. D. Wynne* and *Chas. A. Miller,* for appellee.

HART, C. J., (after stating the facts). The modification complained of by the plaintiff in instruction No. 1 is shown by the brackets as the instruction is copied in our statement of facts. The first modification consists in the addition of the words in the brackets, "to exercise ordinary care," in defining the duty of the defendant to furnish plaintiff a reasonably safe ladder. There was no error in this. It is well settled that a master is only required to exercise ordinary care to supply a safe place for the use of his servants, and in the discharge of his duty is bound to exercise reasonable diligence in informing himself that the working place is safe. *St. L. S. W. Ry. Co.* v. *Gant,* 164 Ark. 621, 262 S. W. 654; *Western Coal & Mining Co.* v. *Burns,* 168 Ark. 976, 272 S. W. 357; and *St. Louis-San Francisco Ry. Co.* v. *Rogers,* 172 Ark. 508, 290 S. W. 74.

The second modification "[that rendered it defective and dangerous]" was also proper. As we have already seen, the defendant would not be guilty of negligence unless he failed to exercise ordinary care to furnish his servant a safe working place, and this carried with it the duty to make proper inspection to satisfy himself as to whether or not the working place continued to be safe. The words contained within the brackets made plain the meaning of the instruction, and there was

no error in adding them. *Texas Pipe Line Co.* v. *Johnson,* 169 Ark. 235, 275 S. W. 329.

It is equally well settled that, unless the negligence of the defendant is proved to be the proximate cause of the injury to the plaintiff, there can be no recovery. *Meeks* v. *Graysonia N. & A. Rd. Co.,* 168 Ark. 966, 272 S. W. 360; and *Standard Pipe Line Co.* v. *Dillon,* 174 Ark. 708, 296 S. W. 52.

The court also correctly instructed the jury that the burden of proof was on the defendant to establish contributory negligence or assumption of risk, unless this was shown by the plaintiff's own evidence. *Sun Oil Co.* v. *Hodges,* 173 Ark. 729, 293 S. W. 9; *Central Coal & Coke Co.* v. *Lockhart,* 161 Ark. 97, 256 S. W. 37; and *Eureka Oil Co.* v. *Mooney,* 168 Ark. 479, 271 S. W. 321.

Counsel for the plaintiff also ask for a reversal of the judgment on the ground that the court refused to give instruction No 5 requested by him. This instruction is copied in our statement of facts, and need not be repeated here. The matters embraced in the first part of the instruction are covered by instructions Nos. 1 and 2, given as modified by the court, which are also copied in our statement of facts. The last part of instruction No. 5 was properly refused by the court. It was calculated to mislead the jury. There was no contention by the defendant that the plaintiff was required to inspect the ladder for the purpose of ascertaining that there was no danger in climbing it. It is well settled in this State that the court is not required to give abstract instructions or instructions which tend to confuse or mislead the jury because they are argumentative in form.

Counsel for the plaintiff also asks us to reverse the judgment because of the action of the court in giving several instructions for the defendant. We do not deem it necessary to set out these instructions or to review them at length. We have examined them carefully, and, for the most part, they contain matters which had already been submitted to the jury in the instructions given at

the request of the plaintiff. They cover practically the same ground, and differ only in the language used. The court might have refused them, because the matters contained in them were already covered by other instructions given, but there was no error in giving them.

Finally, it is insisted that the judgment should be reversed because the court allowed the foreman of the defendant to testify that the plaintiff had told him that the reason he fell was that his gloves were oily, and this caused his hand to slip when he grasped the rung of the ladder. The record shows that the workmen carried two pairs of gloves, because one of them would become oily in doing their work, and the dry pair then could be used by them in going up and down the ladder. There was no error in allowing the testimony complained of to go to the jury. The plaintiff had a right to speak for himself, and the jury might have found that he was bound by the declarations he made. It is well settled that any statements made by a party to a suit against his interest, bearing on material facts, are competent as original testimony. *Collins* v. *Mack,* 31 Ark. 684; *St. L. I. M. & S. R. Co.* v. *Dallas,* 93 Ark. 209, 124 S. W. 247; *Jefferson* v. *Souter,* 150 Ark. 55, 233 S. W. 805; and *McCormack-Reedy Lumber Co.* v. *Savage,* 169 Ark. 192, 273 S. W. 1028.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.