PINE BLUFF HEADING COMPANY *v.* McMORRIS.

Opinion delivered October 20, 1930.

446

*S. Hubert Mayes* and *Harry T. Wooldridge,* for appellant.

*Coleman & Gantt,* for appellee.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of Jefferson County to recover damages in the sum of $10,000 for injuries he received through the alleged negligence of appellant's superintendent and general foreman ordering him to go back in the boiler room, which they knew or should have known was a dangerous place on account of the burning mill or plant, to put more water in the boilers in an effort to prevent them from blowing up.

Appellant filed an answer denying the material allegations of the complaint, and pleading the affirmative defenses of assumed risk and contributory negligence on the part of appellee.

The cause was submitted to a jury on the pleadings, testimony and instructions of the court which resulted in a verdict and judgment against appellant for $4,000, from which is this appeal.

The correctness of the instructions is not questioned, the only ground urged for a reversal of the judgment being that there is a total want of evidence to show negligence on the part of appellant; but, if so, that the undisputed evidence reflects the assumption of the risk and contributory negligence by appellee.

The plant or mill was a large heading factory located in the eastern part of Pine Bluff. The boiler room containing several large boilers was located south of the mill. The engine room was between the boiler room and the mill, and dynamo room was adjoining the boiler room on the east. The mill caught on fire, spread through and completely destroyed the plant, including

the engine, boiler and dynamo rooms. During the conflagration a large crowd had gathered and all were excited. Appellee, a colored man, the head fireman, who had been employed by appellant in that capacity for twenty-three years, came out of the boiler room to see what progress the fire had made and to help, if needed, and was standing with the crowd on the west side of the boiler room where he could not observe the dynamo room when the superintendent, George Meehan, and the foreman, Lee Hetzel, came running around from the dynamo room and ordered appellee to go back into the boiler room and see that plenty of water was in the boilers, stating that if the boilers exploded for want of sufficient water all the people around there would be killed. Appellee asked Mr. Hetzel if he thought he (appellee) could make it, and was told that he could and to hurry if he was going. Some of the witnesses testified that the orders to go in were accompanied by oaths. Appellee obeyed by entering the boiler room and following a narrow passageway the length of the boilers, and, while behind them turning on the water pumps, flames and smoke burst into the boiler room from the dynamo room and made it hard for him to escape. In an effort to get out through the darkness he struck his side against the end of a pump, fell over against a pile of burned-out arch bars, seriously injuring his left side and right leg. He was overcome by the heat and smoke, and was pulled out of the room by a fellow-workman who happened to see his hand near the door before the room burned down. As a result of the injuries, he was confined to his bed for two months and has not been able to work, except at light jobs intermittently since then. At the time of the injury he was in good physical condition, fifty-one years of age and was earning $21.60 a week.

The general rule of law is that an employee must obey the orders of his employer unless the dangers in obeying are so obvious and imminent that no person in the exercise of ordinary care and prudence would under-

take to do so. *Choctaw, Oklahoma & Gulf Rd. Co.* v. *Jones,* 77 Ark. 367, 92 S. W. 244, 4 L. R. A. N. S. 837; *Southern Cotton Oil Co.* v. *Spotts,* 77 Ark. 458, 92 S. W. 249; *Scott* v. *Wisconsin & Arkansas Lumber Co.,* 148 Ark. 66, 229 S. W. 720.

Where performance of an order or command involves danger, unless obviously and apparently certain, the employee may rely upon his superior's knowledge and judgment relative to the hazard in the undertaking. *St. L. I. M. & So. Ry. Co.* v. *Rickman,* 65 Ark. 138, 45 S. W. 56; *St. Louis & North Arkansas Rd. Co.* v. *Mathis,* 77 Ark. 184, 91 S. W. 763; *Dickinson* v. *Mooneyham,* 136 Ark. 606, 203 S. W. 840.

We think the facts in the instant case bring it well within the rule announced in the cases referred to. It is true that obedience of the order in the instant case involved a degree of hazard and risk, but the extent of the danger was not so obvious and apparent that appellee was not justified in relying upon the judgment of his superiors. The superintendent and foreman knew more about the condition of the dynamo room than appellee, and were in closer touch with the situation and the condition than appellee. Before obeying the emphatic command of Hetzel, the foreman, to go back into the boiler room and put more water in the boilers appellee asked him if he thought he could make it and was informed that he could. In reliance upon his foreman's judgment, he performed the task assigned to him to his great injury and in doing so was not guilty of contributory negligence, and did not assume the risk under the rules of law applicable to cases of this kind.

Appellant makes the further contention that the verdict is excessive. We find nothing in the evidence to sustain it in this contention. The record reflects that appellee suffered great physical and mental anguish, as well as the loss of his earning capacity on account of the injury.

The judgment is affirmed.